UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>RANDALL NOVAK,<br><br>           Defendants. | Criminal Action No.: 23-cr-00705 (JXN)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**NEALS**, District Judge

      This matter comes before the Court on Defendant Randall Novak's ("Novak" or "Defendant") letter request for early termination of his one-year sentence of probation. (ECF No. 22.) The United States of America (the "Government") opposed the request (ECF No. 23), and the U.S. Probation Office ("Probation") filed a response of non-opposition (ECF No. 24). The Court has considered the submissions filed in connection with Defendant's request and decides this matter without oral argument pursuant to Local Civil Rule 78.1, which applies to criminal cases under Local Criminal Rule 1.1. For the reasons stated below, Defendant's request is **DENIED**.

    **I.**    **BACKGROUND**

      On September 6, 2023, Novak pled guilty to a one-count information charging him with conspiracy to dispense controlled substances without valid prescriptions, contrary to 21 U.S.C. §§ 842(a)(1) and (c)(2)(A), in violation of 18 U.S.C. § 371. (ECF No. 4.) Under the terms of his plea agreement, Novak agreed to "waive certain rights to file an appeal, collateral attack, or otherwise challenge the judgment of conviction or sentence." (*Id*. at 5.)

      At sentencing, Novak requested a non-custodial sentence of one year of probation, which the Government did not oppose. On July 22, 2024, Mr. Novak was sentenced to a one-year term

of probation with special conditions and ordered to pay a fine of $2,500 and a special assessment fee of $25. Novak's term of probation commenced that same day and is set to expire on July 22, 2025. (*See* ECF No. 24 at 2.)

On January 16, 2025, Novak filed a request for early termination of probation based on his compliance with all the conditions of probation and payment of all outstanding fines and penalties. (*See generally* ECF No. 22 at 1.) The Government opposed asserting that Novak waived his right to file this request based on the waiver provision in his plea agreement and has failed to articulate any new or unforeseen circumstances that justify revisiting the sentence imposed by this Court. (*See generally* ECF No. 23 at 2.)

## II. LEGAL STANDARD

The court may terminate a term of probation prior to its expiration under 18 U.S.C. § 3564(c). The statute provides that:

> [A]fter considering the factors set forth in section 3553(a) to the extent that they are applicable, [the Court] may ... terminate a term of probation ... at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c). The factors set forth in § 3553(a) are as follows:

(1) the nature and circumstances of the offense and the defendant's history and characteristics (18 U.S.C. § 3553(a)(1));

(2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(B)-(D));

(3) the kinds of sentence and sentencing range established for the defendant's crimes (18 U.S.C. § 3553(a)(4)(A));

(4) pertinent policy statements issued by the U.S. Sentencing Commission (18 U.S.C. § 3553(a)(5));

> (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (18 U.S.C. § 3553(a)(6)); and
>
> (6) the need to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7)).

18 U.S.C. § 3553(a). The court need not make detailed findings as to each of the relevant § 3553(a) factors but must indicate that it has considered them. *See United States v. Melvin*, 978 F.3d 49, 52–53 (3d Cir. 2020). "Extraordinary, new or unforeseen" circumstances, while of course relevant, are not a prerequisite to relief. *Id*. *Melvin* allowed, nevertheless, that "'[g]enerally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Id*. at 53 (citations and internal quotation marks omitted). That is so because "if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release. Conversely, a defendant's routine compliance with the terms of supervision, although "commendable ... is precisely what is expected of [a defendant]." *United States v. Stiso*, Crim. No. 14-484, 2021 WL 1291648, at *3 (D.N.J. Apr. 6, 2021).

### III.     DISCUSSION

#### A.  Waiver Not Applicable

The Court first considers whether Novak has waived his right to seek early termination of his supervised release. Novak's Plea Agreement states that "[the United States Attorney for the District of New Jersey] and NOVAK waive certain rights to appeal, collaterally attack or otherwise challenge the judgment of conviction or sentence." (ECF No. 4 at 5.) An appellate waiver in a plea agreement may bar motions for early termination of supervised release in certain cases. *See United*

3

*States v. Damon*, 933 F.3d 269, 271–72 (3d Cir. 2019). While Novak did not address the applicability of the appellate waivers contained in his Plea Agreement (ECF No. 4) in opposition to the instant Motion, the Government argues that "Novak's request is barred under the terms of the parties' Plea Agreement..." (ECF No. 23 at 2.)

A district court must enforce an appellate waiver "only if [it] conclude[s] (1) that the issues [the defendant] pursues on appeal fall within the scope of his appellate waiver and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice." *Damon*, 933 F.3d at 272 (internal quotation marks omitted).

In *Damon*, the defendant broadly waived his right to file "any appeal ... which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 33." *Damon*, 933 F.3d at 273. The Third Circuit affirmed the district court's denial of the defendant's motion to terminate his term of supervised release because it found that his motion fell within the scope of the plea agreement's waiver. *Id.* at 270, 273–75.

District courts in the Third Circuit have distinguished *Damon* on two bases: (1) where a motion for early termination of supervised release is brought by a probation officer or (2) where the language of the appellate waiver is narrower. *United States v. Whitehead*, Crim. No. 10-866, 2023 WL 4686246, at *3 (D.N.J. July 21, 2023) (citing *United States v. Harris*, Crim. No 14-434, 2021 WL 4342091, at *3 (D.N.J. Sept. 23, 2021)).

Here, the Court finds that Novak's Plea Agreement does not contain an applicable waiver that would preclude him from moving for early termination of his probation under *Damon*. Although the Plea Agreement does contain a "Waiver of Appeal and Post-Sentencing Rights," as well as a few other mentions of waiver, the waivers are more narrow than the waiver in *Damon* and

only apply in specific circumstances that the Court finds are not present here, namely: a challenge to Novak's guilty plea that is "based on any immigration consequences" of the plea, a challenge to Novak's sentence that claims the court erred in accepting a factual stipulation his offense involved, and a challenge to forfeiture of property. (ECF No. 4 at 3–5, 8.) Accordingly, the Court finds that Defendant's request falls outside the scope of the Plea Agreement's appellate waivers and that the terms of his Plea Agreement do not preclude his request. *See Damon*, 933 F.3d at 273; *Whitehead*, 2023 WL 4686246, at *3.

### B.  The Merits of Novak's Motion

Next, the Court considers the Court considers the merits of Novak's request for early termination of his probationary sentence.

Novak argues that "[i]t has been six (6) months since [his] sentencing and during this time he has complied with all of the conditions of probation and has no outstanding fines or penalties owed." (ECF No. 22.) Thus, Novak contends that "there does not appear any reasonable or justifiable purpose to continue him on probation." (*Id*.) In its opposition, the Government argues that "Novak has failed to articulate any new or unforeseen circumstances that justify revisiting the sentence this Court originally imposed on him under its relatively recent analysis of the § 3553(a) factors." (ECF No. 23 at 2.)

Here, the Court finds that early termination of probation is not warranted. While Probation reports that Novak "has maintained general compliance with the conditions of probation[,] and has "satisfied his $2,500 fine in full on August 7, 2024" (*see* ECF No. 24 at 2), this alone does not warrant early termination.  *See Stiso*, 2021 WL 1291648, at *3 (Declining to terminate supervised release when defendant "provided no reason justifying early termination of supervised release other than compliance with the conditions of his supervision"). Indeed, while the Court commends

5

Novak's compliance with probation, this does not trigger early termination of his probation. "[A] defendant's routine compliance with the terms of supervision, although commendable ... is precisely what is expected of a defendant" and cannot alone justify early termination of supervised release. *United States v. Hou*, Crim. No. 20-780, 2022 WL 2671130, at *3 (D.N.J. July 11, 2022) (quoting *Stiso*, 2021 WL 1291648, at *3). The original sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), further, the record is devoid of any circumstances that have changed in the interim to justify an early end to the term of probation. *Stiso*, 2021 WL 1291648, at *3.

In sum, the Court finds that early termination of Novak's probation is neither warranted by his conduct nor in the interest of justice. Accordingly, Novak's request is denied.

## IV. CONCLUSION

For the foregoing reasons, and good cause shown,

**IT IS** on this 19th day of February 2025,

**ORDERED** that Defendant Randall Novak's request for early termination of his probation (ECF No. 22) is **DENIED**.

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge

6